# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

FIELDING KIMERY                                                                                    PLAINTIFF
ADC #133741

v.                                         4:21-cv-00071-BRW-JJV

DEXTER PAYNE; *et al.*                                                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

**I. INTRODUCTION**

Fielding Kimery ("Plaintiff") incarcerated at the Varner Supermax Unit of the Arkansas Division of Correction, filed this action *pro se* pursuant to 42 U.S.C. § 1983.  (Doc. No. 2.) Plaintiff sued ADC Director Dexter Payne, Deputy Director Marshal Dale Reed, Warden James

Gibson, and Deputy Warden James Shipman under 42 U.S.C. § 1983.  Plaintiff made official capacity claims only and seeks only injunctive relief.  (*Id*. at 5.)

According to Plaintiff, on February 18, 2020, Carylon Wallace—not a party to this lawsuit—"tried to get [Plaintiff] to sign the last page of a assessment and retaliation status PREA." (*Id*. at 4.)  Plaintiff explained he refused to sign the last page of the report because he had not seen the other pages.  (*Id*.)  Plaintiff said he tried for a year to get a full copy of the report; he wrote to "records" and the PREA coordinator and filed two grievances with a Sergeant John Jenkins—also a nonparty—but to no avail.  (*Id*.)  Plaintiff maintained he "has never seen nor read incident report INC/IAD case 2020 02 111 . . . ."  (*Id*.)  He asserted he "never filed a PREA case on any staff on this assessment," though the assessment referenced a staff number 92579.  (Doc. No. 2 at 4.)  Plaintiff believes "this was a false report filed in retaliation" for him pursuing litigation against family members of his victim who are "working security" over him.  (*Id*.)

Upon initial screening, I advised Plaintiff that his Complaint failed to state a claim on which relief may be granted.  (Doc. No. 5.)  Specifically, I advised him that to proceed with a retaliation claim, a plaintiff must plead facts suggesting he: (1) engaged in protected activity; (2) Defendants took adverse action against him "that would chill a person of ordinary firmness" from engaging in that activity; and (3) retaliation was the motivating factor for the adverse action.  (*Id*. at 3-4) (*citing In re Kemp*, 894 F.3d 900, 906 (8th Cir. 2018); *Lewis v. Jacks*, 486 F.3d 1026, 1028 (8th Cir. 2007)).  I also pointed out that Plaintiff made no factual allegations against any Defendant, and that bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.  (*Id.*  at 4) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  I was unable to infer retaliatory animus of any Defendant based on Plaintiff's allegations.

I gave Plaintiff the chance to file a superseding Amended Complaint, which he did on March 10, 2021.  (Doc. No. 5 at 4-5; Doc. No. 13).  Plaintiff was informed that the Court will only consider claims properly pled in a Complaint or Superseding Amended Complaint, and that the Court would not consider claims set out in notices or other pleadings not filed in compliance with the Federal Rules of Civil Procedure.  (Doc. No. 5 at 3-4.)

I will now continue screening the claims in Plaintiff's Amended Complaint.

## II.   SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighed in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."  *Id*.  But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   ANALYSIS

As explained in more detail below, Plaintiff's allegations fail to state a § 1983 claim on which relief may be granted.

Plaintiff's Amended Complaint is 158 pages long.  (Doc. No. 13.)   Pages 8 – 158 of Plaintiff's Amended Complaint are taken directly from his Second Amended Complaint in another, earlier-filed case in this Court: *Kimery v. Taylor*, 4:20-cv-00692-SWW-JTR.  Those claims remain pending.  Because Plaintiff's allegations in pages 8 – 158 of his Amended Complaint are already before the Court for consideration, I recommend any claims brought in that section of the Amended Complaint be dismissed as duplicative.

In pages 1-7 of his Amended Complaint, Plaintiff otherwise fails to allege facts against any individual, much less the named Defendants, from which I can make out a claim on which relief may be granted.  The first page contains no factual allegations.  (Doc. No. 13 at 1.)  Pages two, three, four, and five are affidavits in which Plaintiff makes complaints that could be interpreted as access to the courts claims.  (*Id*. at  2-5.)  But Plaintiff has not named as a defendant any of the individuals mentioned in those affidavits.  And he has not alleged actual harm, which is fatal to any access to the courts claim he attempted to bring.  *See Bounds v. Smith*, 430 U.S. 817, 824-25 (1977); *Hartsfield v. Nichols*, 511 F.3d 826, 831-32 (8th Cir. 2008).  Neither page six nor page seven of Plaintiff's Amended Complaint contain factual allegations.  Accordingly, I recommend Plaintiff's Amended Complaint be dismissed for failure to state a claim on which relief may be granted.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's claims be dismissed without prejudice for failure to state a claim on which relief may be granted.

2. Plaintiff's Complaint, as amended (Doc. No. 13) be dismissed.

3. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 18th day of March 2021.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."